**BROUSSARD vs. BROUSSARD.**

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. MARTIN.

A judgment which states that it was rendered by *consent* of parties; especially when it does not appear the defendant was ever cited or made a party to the suit, *is illegal.*

This court cannot receive as evidence, in a case, any thing which the judge *a quo* states in his opinion to have been proven. An admission of material facts cannot be proved by any mention in the judge's opinion, that such admissions were made.

This is an action by Edouard Broussard, the son, against his father, in the Court of Probates, to recover his deceased mother's share of the community, and also the amount of her succession, which he alleges is $2100 ; besides $645 56, which he inherited from his grandmother. There was an amended petition setting up the latter claim, but no process of citation was issued or served, and no acceptance of service, or even judgment by default appears to have been taken.

On this state of the case the judge of probates rendered judgment for the plaintiff, stating in the judgment, that it was by *consent of parties.* The defendant appealed and assigned errors, apparent on the face of the record.

*Delahoussaye,* for the plaintiff.

*Voorhies,* for the defendant and appellant.

*Morphy, J.* delivered the opinion of the court.

The plaintiff claims from his father and natural tutor $2100, for one half of the community property inventoried at the death of his mother, Marguerite Bonin, in 1821. He alleges, that in due course of law the whole property, which became common between the defendant and himself, as the sole heir and legal representative of his mother, was adjudicated to the former at the appraisement price of the inventory ; that by law the property, thus adjudicated to his father, remained specially mortgaged to secure the punctual payment of his hereditary portion in the estate of his mother, and that said mortgage im-

*A judgment which states that it was rendered by consent of parties; especially when it does not appear, the defendant was ever cited or made a party to the suit, is illegal.*

ports a confession of judgment, which entitles him to an immediate order of seizure and sale of the property mortgaged, which he prays may be issued. By a supplemental petition the plaintiff represents, that his father has also received, as his natural tutor, $295 46 from his grandmother's estate, and a further sum of $350 10 from the estate of his grandfather, Baron Bonin. He prays judgment for the sum of $2100, claimed in his original petition, with legal interest from the 13th of June, 1822, and for the further sum of $645 56, received by the defendant as aforesaid. On the very day, that this last petition was filed, we find the judge rendering a judgment in conformity with its prayer. This judgment mentions, that it is rendered by *consent of parties.* On the same day, the record shows a service of this judgment made on the defendant, and the sheriff's return of such service. The defendant appealed.

From the proceedings exhibited in this record, it does not appear, that the defendant has ever been a party to them. He never appeared in court by filing any plea, exception or answer, nor does he appear to have been cited. No judgment can be rendered without citation to the party, and without a *contestatio litis,* resulting either from an answer, or from a judgment by default. We have often held, that this court cannot receive as proper evidence for their consideration any thing which the judge *a quo* states in his judgment to have been proven. An admission of material facts could not be proved by any mention in the judge's opinion of its having been made. And what is a consent, that a judgment be rendered, but an admission of all the facts necessary to make out the plaintiff's case? This consent, which is the basis of the judgment, must appear before us by proof, independent of the judgment itself, when the party prays for relief from this court; otherwise the bare mention of such consent in the opinion of the judge of the first instance would conclude the suitors before him, and deprive them of the privilege of litigating their rights in this tribunal; as no appeal lies from a judgment rendered by consent or on the confession of a party. Under this view of the case,

*This court cannot receive as evidence in a case, any thing, which the judge a quo states in his opinion to have been proven. An admission of material facts cannot be proved by any mention in the judge's opinion, that such admissions were made.*

it becomes unnecessary to notice the other errors assigned, as apparent on the face of the record.

It is therefore ordered, that the judgment of the Court of Probates, of the parish of St. Martin, be annulled, avoided and reversed, and that the case be remanded to said court, to be proceeded in according to law, the plaintiff and appellee paying the costs of this appeal.